UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00123-LLK

CHRISTY M.                                                                                                          PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Disability Insurance Benefits. The fact and law summaries of Plaintiff and the Commissioner are at Doc. 16 and 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 10].

Plaintiff makes two arguments. Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

Plaintiff alleges mental and physical disability due to the residual effects of a stroke she experienced on July 2, 2019. Immediately after the stroke, Plaintiff exhibited left-sided weakness, slurred speech, neck and back pain, and deficiencies in her bilateral upper extremities. [Doc. 9 at 457]. The parties dispute the extent of Plaintiff's recovery. See 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement.").

The ALJ found that Plaintiff was not disabled from July 2, 2019, when she alleges that she became disabled, through April 13, 2021, when the ALJ issued her decision. [Doc. 9 at 55].

In support, the ALJ followed the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 2, 2019. *Id.* at 45.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: degenerative disc disease of the cervical and lumbar spine, scoliosis, obesity, atrial fibrillation, history of cerebrovascular accident (CVA), generalized anxiety disorder, and attention deficit hyperactivity disorder (ADHD). *Id.*

Third, the ALJ found that Plaintiff's impairments do not satisfy the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 46.

As in any case that advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that, notwithstanding her mental and physical impairments, Plaintiff:

> … has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) (*i.e., lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, standing and/or walking (with normal breaks) for a total of about six hours in an eight-hour workday, sitting (with normal breaks) for a total of about six hours in an eight-hour workday, and pushing and/or pulling consistent with lifting and/or carrying*) except she can occasionally climb ramps and stairs, but never ladders, ropes or scaffolds. She can occasionally stoop, kneel, crouch and crawl. She should avoid concentrated exposure to vibration and hazards. She can understand, remember, and carry out simple instructions and procedures involving brief initial learning periods, meaning periods of 30 days or less. She can maintain concentration, persistence, and pace for simple tasks involving little or no independent judgment and minimal variation. She can adapt to the pressures and changes of a routine work environment.

*Id.* at 48.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 53.

Fifth, the ALJ found that Plaintiff retains the ability to perform a significant number of light, unskilled jobs in the national economy such as housekeeping/cleaner, baker racker, and sampler. *Id.* at 55.

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that the ALJ's finding that her mental impairments do not satisfy the Listing (at Step 3 of the sequential evaluation process) is not supported by substantial evidence. [Doc. 16 at PageID.783-87].

The ALJ found that Plaintiff's mental impairments do not satisfy Listing 12.06 (anxiety and obsessive-compulsive disorders) or Listing 12.11 (neurodevelopmental disorders). [Doc. 9 at 46]. Like many mental Listings, Listings 12.06 and 12.11 have a common structure in that paragraph A defines the clinical / diagnostic requirements and paragraph B defines the severity requirements. While the paragraph A criteria vary from impairment to impairment, the paragraph B criteria remain the same. The ALJ explained that:

> To satisfy the **"paragraph B" criteria**, the mental impairments must result in one extreme limitation or two marked limitations in … [four] broad area of functioning. An extreme limitation is the inability to function independently, appropriately, or effectively, and on a sustained basis. A marked limitation is a seriously limited ability to function independently, appropriately, or effectively, and on a sustained basis.

*Id.* The "paragraph B" criteria are a claimant's abilities to: 1) understand, remember, or apply information, 2) interact with others, 3) concentrate, persist, or maintain pace, and 4) adapt or manage oneself.

The ALJ found that Plaintiff does not satisfy the paragraph B criteria because Plaintiff has: 1) **moderate** inability to understand, remember, or apply information, 2) **mild** inability to interact with others, 3) **moderate** inability to concentrate, persist, or maintain pace, and 4) **moderate** inability to adapt or manage oneself. [Doc. 9 at 46-47].

Plaintiff admits that "Listing 12.11 would not apply in that this Listing is for disorders that occur during childhood or adolescence." *Id.* at PageID.784.

Plaintiff argues that the ALJ's finding that the paragraph B criteria of Listing 12.06 are not satisfied is not supported by substantial evidence. In support, Plaintiff relies on the findings of her treating

psychiatrist, Laurie Ballew, Ed.D., D.O., and those of the Commissioner's one-time examining psychologist, Christie Kincaid, Psy.D.

Dr. Ballew opined that Plaintiff has "marked" limitation in all four paragraph B areas. [Doc. 9 at 710-11]. Dr. Kincaid found that Plaintiff has "marked impairment in sustaining concentration and persisting to complete tasks in a normal time, as exhibited by the difficulty she experienced with the serial 3s and serial 7s tasks" and "marked impairment in adapting and responding to the pressures of normal day-to-day work activities, as evidence by a lack of adequate poor coping skills and an increase in self-doubt (anxiety) following her stroke." *Id.* at 542-43. In light of Dr. Kincaid's findings and the record as a whole, the Commissioner's non-examining program psychologist, Laura Cutler, Ph.D., opined that Plaintiff is limited as follows in the paragraph B areas: 1) none, 2) none, 3) moderate, 4) moderate. [Doc. 9 at 77].

The ALJ was not bound by Dr. Ballew's opinion because the form that Dr. Ballew completed did not ask for and Dr. Ballew did not give any supporting clinical or diagnostic findings. *See* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) …, the more persuasive the medical opinions … will be."); *Stewart v. Comm'r of Soc. Sec.*, 811 F. App'x 349, 353 (6th Cir. 2020) ("Many courts have recognized that administrative law judges may properly give little weight to a treating physician's check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings.").

The ALJ was not bound by Dr. Kincaid's findings in light of the inconsistent opinion of Dr. Cutler. *See* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) … is with the evidence from other medical sources …, the more persuasive the medical opinion(s) …. will be."); Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *3 ("Sometimes, there will be an obvious inconsistency between the opinion [being weighed] and the other substantial evidence; for example, … when two medical sources provide inconsistent medical opinions about the same issue.")

Plaintiff argues that Listings 12.02 (neurocognitive disorders) and 11.04 (vascular insult to the brain) "may" or "could" apply. [Doc. 16 at PageID.784]. Listing 12.02 does not apply because it requires satisfaction of the paragraph B criteria, which the ALJ found were not satisfied. [Doc. 9 at 46-47]. Listing 11.04 does not apply because it requires at least one "marked" limitation in a paragraph B area, and the ALJ found no such limitation. *Id.*

### Plaintiff's second argument is unpersuasive.

Second, Plaintiff argues that the ALJ's mental and physical residual functional capacity (RFC) determination is not supported by substantial evidence. [Doc. 16 at PageID.787-90].

Plaintiff argues that the ALJ's mental RFC determination is not supported in light of Dr. Ballew's opinion. In addition to finding that Plaintiff is "markedly" limited in all "paragraph B" areas, Dr. Ballew rated Plaintiff as "markedly" limited in 17 out of 19 areas of mental functioning. [Doc. 9 at 709-11]. Among these 17 "marked" limitation was a "marked" inability to "perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances," which is consistent with Plaintiff's testimony of having to stay in bed during frequent "bad days." [Doc. 9 at 27, 709]. Plaintiff's reliance on Dr. Ballew's opinion is unpersuasive because (as noted above) the form Dr. Ballew completed did not ask for and Dr. Ballew did not present any supporting clinical or diagnostic findings. *Id.* The ALJ was not required to fully credit Plaintiff's testimony.

Plaintiff argues that the ALJ's physical RFC determination is not supported because it does not include "any restriction related to [her] upper extremities." [Doc. 16 at PageID.788]. In support of the existence of significant upper extremity limitation, Plaintiff relies on a neurological examination finding by Jim Couch, D.O., conducted on July 15, 2019, shortly after the stroke on July 2, 2019. Among other things, Dr. Couch found that, although Plaintiff's speech was already "much improved," there was still a relative lack of bilateral upper extremity sensation to light touch, pin prick, vibration, and proprioception. [Doc. 9 at 457].

Plaintiff's reliance on Dr. Couch's finding is unpersuasive for two reasons. First, there is no evidence that the relative lack of sensation identified by Dr. Couch would preclude performance of the unskilled, light jobs the ALJ identified. *See* Soc. Sec. Rul. 83-10, 1983 WL 31251, at *6 (Unskilled, light jobs "generally do not require use of the fingers for fine activities to the extent required in much sedentary work."). Second, there is no evidence that the relative lack of sensation identified by Dr. Couch lasted or was expected to last for a "continuous period of not less than 12 months." 20 C.F.R. § 404.1509.

### Order

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

June 10, 2022

Lanny King, Magistrate Judge
United States District Court